United States District Court
Southern District of Texas

**ENTERED**

April 29, 2020

David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KAREEM ROSCHARD JEFFERSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-1648 |
| | § | |
| DETENTION OFFICER RAMOS # 140802, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kareem Roschard Jefferson, an inmate currently confined in the Fort Bend County Jail, proceeds *pro se* and *in forma pauperis* in this civil rights action. Defendant Ramos has filed an answer (Dkt. 16) which includes a motion to abate the proceedings. After considering the pleadings, the motion, and all matters of record, the Court determines that this case should be **STAYED** and **ADMINISTRATIVELY CLOSED** for the reasons that follow.

## I.   BACKGROUND

Jefferson's complaint (Dkt. 1) alleges that Officer Ramos (#140802) used excessive force against him when Jefferson was confined at the Harris County Jail. At the Court's request, Jefferson supplemented his complaint with a more definite statement (Dkt. 8).

Jefferson alleges that Ramos used force against him just after midnight on March 29, 2019, in the third-floor hallway of the Harris County Jail (Dkt. 1, at 4; Dkt. 8, at 3-5).

He states that his pod officer woke him and told him to pack his belongings because he was going to be released, and that he transferred his belongings from the county-issued commissary bag to a trash bag (*id.* at 3).  However, while waiting in a holding cell for an escort, Jefferson realized that he had left some belongings in the pocket of the county-issued bag, so he left the holding cell to find the bag (*id.* at 3-4).  He found two trusty inmates who were dividing his belongings between them, but retrieved his items and headed back to the holding cell (*id.* at 4).  He states that, as he walked down the hallway, Ramos "abruptly" blocked his path and "came steadily closer and closer" to him, causing Jefferson to shrink away with his back against the wall (*id.*).  Jefferson blurted out a request for Ramos to leave him alone because he was going home (*id.* at 4-5).  He states that Ramos did not give any commands but put his hands up "like a boxer" (*id.* at 5).  Jefferson also states that he remembers taking several more steps back but "the rest is cloudy" and that Ramos "did some kind of takedown move on [him]" (*id.*).  He claims that he "blacked out for a second" because of a blow to his head (*id.*).

Jefferson alleges that, because of the altercation with Ramos, he suffered a fractured elbow, neck and back injuries, a hematoma, and a concussion, and that he continues to suffer from stiffness and pain (Dkt. 1, at 3-4; Dkt. 8, at 6-7).  He also suffers from migraines, nightmares, night sweats, and anxiety attacks (*id.*). He states that he was not hospitalized but was treated with ibuprofen and bandages (*id.* at 6).  As relief for his claims, he seeks compensation for pain and suffering, for medical treatment, and for legal fees (Dkt. 1, at 4).  He also requests that Ramos be fired (*id.*).

Jefferson also claims that Ramos brought false charges against him for assault on a public servant (*id*.).    He alleges that Ramos filed the charges in order to cover up his actions, and that Ramos falsely claimed that Jefferson had swung at him and missed (Dkt. 8, at 7-8).  He states that he received a disciplinary case for assault on a public servant, had a hearing, and was found not guilty (*id*. at 8).

Defendant's answer states that criminal charges against Jefferson are currently pending in the 178th District Court for Harris County, Cause No. 1626298, for third degree felony assault against Ramos.  Defendant provides a copy of the indictment for Case No. 1626298, which is dated March 29, 2019 (Dkt. 16-1).  Documents available on the Harris County Clerk's website confirm that the case is currently pending against Jefferson and that an attorney has been appointed to represent him.  *See State of Texas v. Kareem Roschard Jefferson*, Case No. 1626298 (available at https://www.hcdistrictclerk. com/Common/Default.aspx) (last visited Apr. 23, 2020).

Defendant urges that this case be stayed pending resolution of the criminal charges against Jefferson (Dkt. 16, at 2).

## II.    <u>STANDARD OF REVIEW</u>

Because the plaintiff is an inmate proceeding *in forma pauperis*, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the claims and dismiss the complaint at any time, in whole or in part, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c).  A claim is frivolous if it lacks any

arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. . . . A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

## III.  DISCUSSION

Jefferson's complaint under 42 U.S.C. § 1983 claims that Ramos violated his constitutional rights by using excessive force against him while Jefferson was confined in Harris County Jail. He seeks compensatory damages and termination of Ramos' employment (Dkt. 1, at 4).

Under *Heck v. Humphrey*, a claim under 42 U.S.C. § 1983 that bears a relationship to a conviction or sentence is not cognizable unless the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To recover damages based on allegations of "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil rights plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 487. If a judgment in favor of a civil rights plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*.

Public court records do not reflect that Jefferson's conviction or sentence in Case No. 1626298 has been invalidated or otherwise set aside. To the contrary, Jefferson has not yet been tried on the charges against him. However, his allegations in this lawsuit would, if true, implicate the validity of the pending criminal charges against him and any conviction or sentence that might result. Therefore, *Heck* precludes Jefferson's claims under § 1983 until he can demonstrate that his conviction or sentence has been invalidated. *See Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc).[1]

---

[1]     Additionally, to the extent Jefferson's could be construed as a request for this Court to enter injunctive relief, the Court must abstain from intervening in ongoing state-court proceedings under a doctrine originating with *Younger v. Harris*, 401 U.S. 37 (1971). *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013); *Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir.

The Supreme Court has explained that, if a pretrial detainee such as Jefferson files civil rights claims related to rulings that will likely be made in a pending criminal proceeding, the best practice is for the district court to stay the civil rights case until the pending criminal case is resolved.   *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see Hopkins v. Ogg*, 783 F. App'x 350, 355 & n.20 (5th Cir. 2019) (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)).   The Court therefore will stay and administratively close this case until the criminal proceedings against Jefferson in Case No. 1626298, including any future appeal, are resolved. If Jefferson ultimately is convicted, *Heck* will require dismissal of any claims in this lawsuit that would imply the invalidity of his conviction until the *Heck* conditions are met.   *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").   If Jefferson is not convicted, this lawsuit may proceed, absent some other bar to suit.   *See Wallace*, 549 U.S. at 394.

If Jefferson seeks to proceed with this suit after the criminal proceedings have concluded, he is instructed to file a motion to reinstate this case **within 30 days** of the state-court judgment.  Failure to file a timely motion to reinstate could waive Jefferson's opportunity to proceed with this civil action.

---

2016).   The pending state-court proceedings against Jefferson implicate Texas's important interests in enforcement of its criminal laws, and those proceedings provide an adequate forum for Jefferson to raise issues regarding his constitutional rights.   *See Sprint*, 571 U.S. at 78; *Google*, 822 F.3d at 222.

IV.     **CONCLUSION**

For the reasons stated above the Court **ORDERS** that:

1.      This civil action is **STAYED** and **ADMINISTRATIVELY CLOSED** until the Court enters an order lifting the stay.

2.      All pending motions are **DENIED** as moot.

3.      Within 30 days after judgment is entered in the criminal proceedings against him, Jefferson may file a motion to reinstate this case.  **If Jefferson fails to file a motion to reinstate within 30 days of the state court judgment, he may waive his opportunity to proceed with this lawsuit**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 29th day of April, 2020.

_George C. Hanks Jr_
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE